```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE
------------------------------------
                                    :
    ERIC Q. BARKLEY, SR.,            :
                                    :
         Plaintiff,                 :   CIVIL NO. 10-1007(NLH)
                                    :
      v.                            :
                                    :      OPINION
    COMMISSIONER OF                  :
    SOCIAL SECURITY,                 :
                                    :
         Defendant.                 :
                                    :
------------------------------------
```

**APPEARANCES:**

John S. Grady
Grady & Hampton
6 North Bradford Street
Dover, DE 19904
   *Attorney for Plaintiff*

Dina White Griffin
Patricia Anne Stewart
Social Security Administration - Region III
300 Spring Garden Street
Philadelphia, PA 19123

   *Attorney for Defendant*

**HILLMAN**, District Judge

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying the application of Plaintiff for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act.  42 U.S.C. § 401, et seq.

The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, June 12, 2003. For the reasons stated below, this Court will reverse that decision and remand the case for further proceedings.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, Eric Q. Barkley, Sr., claims that he has been unable to work since June 12, 2003, when he left his job as a nursing assistant, because of his several mental disorders, including depression, OCD, hyperexplosive disorder, and bipolar disorder. Since that time, Plaintiff has been on numerous prescription medications in an attempt to control his mental disorders. Plaintiff has also struggled with back pain and substance abuse, and he has also attempted suicide.

Plaintiff filed an application for disability benefits. After a hearing before an ALJ, it was determined that Plaintiff was not disabled. Plaintiff appealed the decision, and the Appeals Council reversed the ALJ's decision and remanded the case for further review. After another hearing, the ALJ again determined that Plaintiff was not disabled. Plaintiff appealed that decision as well, but the Appeals Council denied Plaintiff's request for review. The ALJ's second decision became final, and

Plaintiff now seeks this Court's review.

**II. DISCUSSION**

    **A.  Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly

3

detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an

ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams, 970 F.2d at 1182.  Moreover, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.**    **Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as disabled only if his physical or mental impairments are of such

severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy.  If he is incapable, he will be found "disabled."  If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform."  Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.   Analysis**

In her decision, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (Step One).  The ALJ next found Plaintiff's degenerative disc disease, schizoaffective disorder, bipolar disorder, and substance addiction disorder to be severe (Step Two).   The ALJ then found that even though Plaintiff's

impairments did not meet the medical equivalence criteria (Step Three), he was not capable of performing past relevant work (Step Four). The ALJ found, however, that Plaintiff had the residual functional capacity (RFC) to perform a modified range of unskilled, light work jobs which are in significant numbers in the national economy (Step Five).

Plaintiff presents one main arguments for review: whether the ALJ erred by not obtaining a medical expert to determine if Plaintiff's mental impairments were completely disabling, even without the use of illegal substances.

When the ALJ issued her first decision denying Plaintiff's claim for benefits, she determined that if Plaintiff stopped his substance abuse, which included alcohol, marijuana, and cocaine, he would have the residual functional capacity to perform light work (such as a mail room clerk), despite his severe mental impairments. On appeal, the Appeals Council reversed the ALJ's decision, and remanded the case with the following instruction: "[I]f necessary, obtain evidence from a medical expert to clarify the nature and severity of the claimant's mental impairment with and without the use of illegal substances."[1]

---

[1] The Appeals Council provided other instructions regarding the ALJ's determination of Plaintiff's RFC as it related to his back problems. Plaintiff has not appealed on that issue.

8

At a subsequent hearing, the ALJ determined that it was not necessary to obtain a medical expert to parse out Plaintiff's capacity to do work when he was not under the influence of any illegal drugs. In making her decision, the ALJ was guided by 42 U.S.C. § 423(d)(2)(C), which provides that a claimant is not considered disabled "if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." She was also guided by 20 C.F.R. §§ 404.1535, 416.935:

> How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>    (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>    (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>        (I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a

>contributing factor material to the determination of disability.
>(ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

In the decision, the ALJ provided a detailed summary of Plaintiff's medical records related to his substance abuse and mental health treatment. The majority of Plaintiff's medical records are clinician's assessments of Plaintiff's mental state during or following Plaintiff's use of illegal drugs or alcohol, when he has stopped taking his prescription medications, or both. The only medical records that report Plaintiff's mental affect while sober and compliant with his prescriptions are from his time spent in jail and in rehabilitation centers, and following a 30-day period of sobriety, when a state consultative mental examination was performed. It is based on these periods that the ALJ determined that Plaintiff's "remaining limitations" were not totally disabling.

The Third Circuit has made "clear that determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by counterveiling evidence.

10

Nor is evidence substantial if it is overwhelmed by other evidence . . . or if it really constitutes not evidence but mere conclusion." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). Additionally, "[d]espite the deference due to administrative decisions in disability benefit cases, appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence." Id. (citation and quotation omitted). In this case, the Court finds that the medical records relied upon by the ALJ to determine that Plaintiff has the functional capacity to perform light work as long as he is sober and taking his prescription medications do not provide substantial evidence to support that decision.

In reaching her conclusion that Plaintiff is not disabled, the ALJ relied upon three, one-day examinations of Plaintiff from the span of over eight years to support the finding that when Plaintiff is properly medicated and not using illegal drugs or alcohol, his mental impairments are only moderate, and he still has the ability to do light work. (See R. at 24-26, citing to Ex. 11F, 17F, 28F numerous times.) The ALJ, however, refers to those same evaluations several times, and each in a contradictory way. Moreover, the portions of the evaluations that purportedly support the finding that a sober, prescription drug complaint

11

Plaintiff could perform light work, do not all demonstrate that Plaintiff was sober or on his prescription drugs at the time of the evaluation.

The ALJ cites to a July 5, 2003 psychiatrist report that describes Plaintiff as friendly, coherent, cooperative, and having increased eye contact and unremarkable self-care functions.  (R. at 26, citing Ex. 11F.)  This report, however, was made upon Plaintiff's admission to an impatient treatment center on the same day he was taken to the hospital's emergency room for depression and suicidal ideation, following two weeks without prescription medication and after using cocaine.  (R. at 24, citing Ex. 11F.)  This same report also stated that his judgment, common sense, impulse control, and insight were impaired.  (R. at 66, citing Ex. 11F.)  Additionally, the ALJ describes the report as stating that Plaintiff's attention and memory were intact and his concentration adequate, but in the next sentence, the ALJ also describes the report to support the contrary statement that Plaintiff's attention was decreased and his concentration inadequate.  (R. at 26, last paragraph.)

The ALJ also relies upon a September 10, 2004 initial mental assessment, that she reports as describing Plaintiff to be of normal or above level of intellectual functioning, to have normal processes, to be able to abstract fairly, and having a good

12

rapport and normal speech. ®. at 26-27, citing Ex. 17F.) The ALJ, however, describes the same assessment as stating that his thought processes were slightly impaired ®. at 26), and that he had a depressed mood, paranoid thought, homicidal ideation, and difficulties with concentration ®. at 24). Additionally, at the time of this report, Plaintiff reported that he had been off his prescription medications for two months. (Id.)

The final record to support the ALJ's decision is a February 8, 2007 state agency consultative report, upon which the ALJ placed substantial weight. ®. at 28.) Plaintiff reported to the doctor that he had been sober for thirty days and had been taking his prescription drugs. The ALJ noted that the doctor observed Plaintiff to be cooperative with a calm voice, and that he considered Plaintiff to have moderate limitations in interacting appropriately with the public, coworkers, and supervisors. ®. at 26, citing Ex. 28F.) Also in his report, however, as related by the ALJ, the doctor observed that Plaintiff had an extremely irritable and angry affect, he cried off and on throughout the interview, his affect remained blunted, he was constricted to depression and irritability, he had decreased eye contact, and he was aloof, seclusive, guarded and suspicious. ®. at 25.)

This review of the basis for the ALJ's decision--that Plaintiff's mental impairments were only moderate when he was

13

properly taking his prescription drugs and not abusing alcohol or illegal substances--reveals that the ALJ's decision is only supported by one consultative evaluation performed by a state agency physician, and that evaluation only partially supports her conclusion.  It does not appear that any clinician specifically evaluated Plaintiff to clarify the nature and severity of his mental impairment with and without the use of illegal substances.  Morever, it does not appear that the ALJ considered Plaintiff's testimony about his present condition, about which he testified while residing in a dual diagnosis living center, where he had been sober, taking his prescription medications, and receiving therapy.  Despite those factors, Plaintiff testified that he still hears voices, the voices are getting stronger, his depression is getting worse, he isolates himself, and he is still angry and explosive.  ®. at 28.)

The evaluation process of an individual's mental impairments requires the use of a "special technique," and that special technique "is a complex and highly individualized process" which includes the consideration of many issues and any relevant evidence in order to determine an individual's degree of functional limitation.  20 C.F.R. § 404.1520a(a),(c)(1).  During that process, an ALJ may not make "speculative inferences from medical reports" and may not reject evidence "due to his or her

own credibility judgments, speculation or lay opinion." Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000). Additionally, as noted above, a single piece of evidence will not satisfy the substantiality test if the counterveiling evidence is not explained or if that evidence is overwhelmed by other evidence. Id. at 317.

Although the Commissioner retains the responsibility for determining certain issues, such as residual functional capacity and whether an individual meets the statutory definition of disability, see 20 C.F.R. §§ 404.1527(e)(1)-(2), 416.927(e)(1)-(2), the Commissioner must base those decision on substantial evidence. If the evidence provided by the claimant is inadequate in determining whether the claimant is disabled, the Commissioner can take a variety of steps to augment the medical evidence, including affirmatively seeking clarification from a treating physician, or calling another expert. Knox v. Barnhart, 60 Fed. Appx. 374, 377 (3d Cir. 2003) (citing 20 C.F.R. § 416.912(e)) (remanding case for further consideration on the issue of how the claimant's substance abuse affected his mental impairment).

Here, the ALJ's decision, while comprehensive and detailed, is not supported by substantial evidence on the narrow but decisive issue of claimant's medical condition when he is not abusing illegal substances. Accordingly, and the matter must be

15

remanded for further evaluation. Even though the ALJ was not required, by either the Appeals Council or the regulations, to obtain a medical expert to opine on Plaintiff's mental state while he was sober and complaint with his prescription medications, the ALJ's decision might have been properly supported if the medical expert had weighed in. On remand, this Court will also not require the ALJ to obtain a medical expert, but the decision as to Plaintiff's residual functional capacity must be supported with more than a one-time evaluation in 2007 by a state agency doctor, particularly where all the other evidence in the record does not enable a non-medical professional to determine the extent of Plaintiff's current physical and mental limitations that would remain if he stopped using drugs or alcohol.

### III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff was not totally disabled is not supported by substantial evidence. Accordingly, the decision of the ALJ is reversed and remanded for further proceedings consistent with this Opinion. An accompanying Order will be issued.

Date:  June 28, 2012          s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.